IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RECEIVED
CLERK'S OFFICE
2013 DEC 26  AM 8:55
U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

Rcvd
12/27/13
4:24 pm

Carletha Stiner, Plaintiff
4041 Bowman Boulevard, Apartment 104
Macon, Georgia 31210
(478)973-1847

)Case Number: 5:13-CV-445
)
)JUDGE:
)

VS

Defendants:
METRO HEALTH MEDICAL CENTER
Natalie E. Joseph, MD.
Stephen W. Tamarkin, MD.
Paul F. Hergenroeder, MD.
Michael P. McNamara, MD.
Amer Khiyami, MD.
Leonidas Castro, MD.
A Chang
2500 Metro Health Drive
Cleveland, Ohio 44109
(216)778-7800;
PARMA COMMUNITY GENERAL HOSPITAL
Joseph Cooper, DO
John Lazo, Jr., MD.
7007 Powers Boulevard
Parma, Ohio 44129
(440)743-3000;
Vundyala V. Reddy, MD
308 Coliseum Drive
Macon, Georgia 31217-3859
(478)745-6130;
Unknown Mental Health MD
777 Hemlock Street
Macon, Georgia 31201

In response to the Defendant's motion to dismiss:

1. This court does have jurisdiction since the defendants are from both Ohio and Georgia, and the Plaintiff now resides in Georgia. The Plaintiff has received chemotherapy and hospitalization in the state of Georgia and Florida because of the damage done to the Plaintiff's breast which was caused by the Metro Health Hospital Defendants. The Plaintiff has also officially notified Defendants in Florida who will be included in this lawsuit. The Plaintiff is a resident of Georgia.

2. The Plaintiff has filed a Family and Medical Leave Act Certification of Health Care Provider Form which pertains to the "alleged" breast cancer. This form states a family member, the Plaintiff, is having a medical issue which causes a flare up 2-3 times per week, requiring extensive medical care. The Certificate does not say breast cancer. The Plaintiff's complaint should not be dismissed because the form does not say Affidavit of Merit. The doctors have stated the Plaintiff has breast cancer, while the Certification of Health Care Provider Form says a medical issue. The blood test results are very compelling and also contradict what the Defendants have diagnosed. The Courts should not dismiss such an important and detrimental issue because of a title on a certificate or the wording of the title of the certificate.

3. The appropriate affidavit is the blood tests which verify the Plaintiff did not and does not have breast cancer. Cancer is a major health problem and with that comes profitability. The Defendants are conspiring to hide the truth about the Plaintiff's "alleged" breast cancer. The Plaintiff contends other breast cancer diagnosis could be based on faulty examinations nationwide. This would be an incentive for the medical

profession to hide the truth, and allow the patients to be victims of the medical community.

4. The Plaintiff's claim is not barred by ORC 2305.113. The Plaintiff has one year from the cause of action. The Defendants previously stated the Plaintiff's case was without merit and frivolous and the damage to the Plaintiff's breast was due to lack of treatment. The Defendants caused the lack of treatment because the Plaintiff did not have breast cancer. The Plaintiff's exhibit which shows a picture of the Plaintiff's breast speaks for itself. The damage done is not consistent with breast cancer. Nevertheless, the Plaintiff sought out and received chemotherapy treatment and during this time of treatment, was informed of the significance of the blood tests, which detected no breast cancer. The Plaintiff then had another mammogram in October 10, 2013, which revealed the "tumor" is "scattering" into the left breast. Tumors should "shrink", not "scatter".

5. The Plaintiff's exhibit of her breast alone is worth more than $75,000 in damage. The Defendants in this case has caused much damage, physical and even more mental damage because the Plaintiff's family is stressed and are verbally fighting over this "alleged" breast cancer and the "chemical" treatments the Defendants are adamantly declaring is necessary. The Defendants knowingly and willingly forced the Plaintiff to accept dangerous chemical treatment for a breast cancerous tumor that the Defendants knew did not exist. Since receiving chemotherapy treatment, the Plaintiff's left breast now itches, which is how the right breast began to decay and burn. The Plaintiff requires the Courts intervention to ensure proper medical treatment because the Defendants are denying a problem occurred or exists.

6. The Plaintiff is entitled to relief in accordance with Title 50, Title 21, and Title 42. The Plaintiff is asking for $10,000,000 (ten) in liability and punitive damages from the Defendants.

Respectfully Submitted,

*Carletha Stiner*

CARLETHA STINER, Plaintiff