IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CARLETHA STINER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:13-CV-445 (CAR) |
| | : | |
| METRO HEALTH MEDICAL | : | |
| CENTER, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS*

Before the Court is *pro se* Plaintiff Carletha Stiner's Motion to Proceed *In Forma Pauperis* without prepayment of costs. In light of her supporting affidavit, it appears Plaintiff is unable to pay the cost of commencing this action. Therefore, the Court **GRANTS** her Motion to Proceed *In Forma Pauperis*. However, if Plaintiff wishes to maintain this action, **she must file an amended complaint** as hereinafter directed.

Under 28 U.S.C. § 1915(e), a court must *sua sponte* dismiss an indigent plaintiff's complaint or any portion thereof which (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[1] This statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual

---
[1] 28 U.S.C. § 1915(e)(2)(b).

power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[2]

Before a court may address the merits of any claim, however, it must have subject matter jurisdiction over the case.[3] Federal courts have limited jurisdiction over cases that present a substantial federal question and certain actions with diverse parties.[4] Federal question jurisdiction exists when a party asserts a "colorable claim 'arising under' the Constitution or laws of the United States."[5] Diversity jurisdiction requires complete diversity of citizenship between all of the parties, and the amount in controversy must exceed $75,000.[6] The plaintiff bears the burden of alleging a basis for subject matter jurisdiction in his or her complaint.[7]

As is its duty, the Court has scrutinized Plaintiff's Complaint and liberally construed all of her allegations.[8] To the best of the Court's knowledge, Plaintiff claims various medical institutions and physicians misdiagnosed her with breast cancer and conspired to conceal their mistake and Plaintiff's resulting injuries in violation of Georgia and Ohio state law, as well as United States Code Titles 18 and 42. Although

---

[2] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[3] *University of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see generally Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005).
[4] 28 U.S.C. §§ 1331, 1332.
[5] *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513-14 (2006)
[6] 28 U.S.C. §1332(a); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).
[7] *Ishler v. Internal Revenue*, 237 F. App'x 394, 395 (11th Cir. 2007).
[8] *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

the Court has other, serious concerns about the merits of Plaintiff's Complaint, the Court cannot reach those matters before addressing its jurisdiction over this case.

In its current form, Plaintiff's Complaint does not allege a basis for diversity jurisdiction or federal question jurisdiction. Plaintiff does not seek a specific amount in controversy, nor does she specify the citizenship of each party. Further, Plaintiff fails to identify any specific federal laws Defendants have allegedly violated. In short, the Complaint is deficient. However, rather than dismissing Plaintiff's case outright for lack of subject matter jurisdiction, the Court must give her an opportunity to file an amended complaint.[9]

Accordingly, Plaintiff is **HEREBY DIRECTED** to submit an amended complaint within **TWENTY-ONE (21) DAYS** from the date of this Order. If Plaintiff seeks to establish diversity jurisdiction in this case, she must allege the citizenship of each party and the amount in controversy. Alternatively, if Plaintiff claims this Court has federal question jurisdiction, she must identify the <u>specific sections</u> of Titles 18 and 42 that are applicable in this case; broad references to whole titles of the United States Code will not suffice. The Court cautions Plaintiff that her amended complaint **will be in place of and substituted for the original Complaint and all attachments, exhibits, and documents heretofore filed**.

---

[9] *See Bryant v. Dupree*, 252 F.3d 1161, 1164-65 (11th Cir. 2001).

## CONCLUSION

Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 2] is **GRANTED**. However, Plaintiff is hereby **DIRECTED** to submit an amended complaint within **TWENTY-ONE (21) DAYS** from the date of this Order. Plaintiff is **NOTICED** that failure to comply with this Order will result in dismissal of her action without further notice or proceedings. There will be no service of process on any Defendant until further Order of the Court.

In light of the foregoing, Defendants' pending Motions to Dismiss [Docs. 5 & 10] are **DENIED AS MOOT without prejudice** to refiling if and when Plaintiff files an amended complaint.

**SO ORDERED,** this 10th day of January 2014.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP