IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CARLETHA STINER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:13-CV-445 (CAR) |
| | : | |
| **METRO HEALTH MEDICAL** | : | |
| **CENTER,** *et al.,* | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT**

The instant action arises from *pro se* Plaintiff Carletha Stiner's allegations that various medical institutions and physicians misdiagnosed her with breast cancer and conspired to conceal their mistake. On January 10, 2014, the Court directed Plaintiff to amend her pleadings and clarify the Court's subject matter jurisdiction over this case.[1] In response, Plaintiff filed an Amended Complaint [Doc. 12], which lists the following bases for federal question jurisdiction: 42 U.S.C. § 1981; 42 U.S.C. § 1983; 42 U.S.C. § 1985(3); 42 U.S.C. § 1986; 42 U.S.C. § 9659(a)-(c); 42 U.S.C. § 9658; 42 U.S.C. § 13981; 42 U.S.C. § 107; 42 U.S.C. § 10001(1), (3); 18 U.S.C. § 831(a), (b); 18 U.S.C. § 832(a); 18 U.S.C. § 1621; 18 U.S.C. § 1622; 18 U.S.C. § 114; 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 249(2); 18 U.S.C. § 373; 18 U.S.C. § 113(1)-(4), (6); Section 504 of the Rehabilitation Act of 1973; Title II of the Americans with Disabilities Act of 1990; and 42 U.S.C. § 9501. Plaintiff does not attempt to

---

[1] *See generally* Order on Motion to Proceed *In Forma Pauperis* [Doc. 11].

invoke diversity jurisdiction; she does not allege the parties' citizenship or a specific amount in controversy.

Having carefully considered Plaintiff's Amended Complaint and relevant legal authority pursuant to 28 U.S.C. § 1915(e), the Court concludes that Plaintiff's federal claims are wholly insubstantial and frivolous, and, therefore, this case must be dismissed for lack of subject matter jurisdiction.[2]  Approximately half of the statutes cited in Plaintiff's Amended Complaint define criminal conduct and punishment under Title 18 of the United States Code and do not create a private right of action.[3] Other cited statutes prohibit unlawful discrimination or class-based violence; however, none of Plaintiff's factual allegations suggest Defendants acted with discriminatory animus.[4]  Plaintiff's citations to the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA") are equally unfounded; Plaintiff does not allege any of the Defendants committed an environmental tort prohibited by CERCLA.[5]  The remaining statutes either

---

[2] *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946).  The Court has liberally construed all of Plaintiff's allegations. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

[3] *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960), *cert. denied*, 365 U.S. 838 (1961).  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down as of September 30, 1981.  *See* 18 U.S.C. § 831(a), (b); 18 U.S.C. § 832(a); 18 U.S.C. § 1621; 18 U.S.C. § 1622; 18 U.S.C. § 114; 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 249(2); 18 U.S.C. § 373; 18 U.S.C. § 113(1)-(4), (6).

[4] *See* 42 U.S.C. § 1981; 42 U.S.C. § 1983; 42 U.S.C. § 1985(3); 42 U.S.C. § 1986; 42 U.S.C. § 13981; Title II of the Americans with Disabilities Act of 1990.

[5] *See* 42 U.S.C. § 9659(a)-(c); 42 U.S.C. § 9658.

do not exist or do not provide civil remedies.[6] In short, Plaintiff's federal claims have no plausible foundation in fact or law.[7] Consequently, Plaintiff's case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Defendants' pending Motions to Dismiss [Docs. 13, 16] are **TERMINATED AS MOOT**.

**SO ORDERED,** this 27th day of February, 2014.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP

---

[6] *See* 42 U.S.C. § 107 (does not exist); 42 U.S.C. § 10001(1), (3) (no cause of action); 42 U.S.C. § 9501 (same); Section 504 of the Rehabilitation Act of 1973 (same).
[7] *See Blue Cross & Blue Shield of Ala. v. Sanders,* 138 F.3d 1347, 1352 (11th Cir. 1998).